1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

KIM MARIE WILSON,

                                        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                                        Defendant.

Case No.:  21-CV-1483 W (RBM)

**ORDER GRANTING MOTION TO
PROCEED IFP [DOC. 2] AND
REFERRING CASE TO THE
MAGISTRATE JUDGE FOR A
REPORT & RECOMMENDATION**

On August 20, 2021, Plaintiff Kim Marie Wilson ("Plaintiff") filed a complaint
seeking review of the denial of her claim for social security disability insurance benefits
and supplemental security income benefits under the Social Security Act.  Along with the
complaint, Plaintiff filed a motion to proceed in forma pauperis ("IFP") (the "Motion"
[Doc. 2]).

## I.    INTRODUCTION

The determination of indigency falls within the district court's discretion.
California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on

1

other grounds, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." Id. at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Stehouwer v. Hennessey, 851 F.Supp. 316, (N.D.Cal. 1994), vacated in part on other grounds, Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110  per month from family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (in forma pauperis application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered the papers submitted, the Court finds that based on the current record, Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. According to her declaration (attached to the Motion), Plaintiff's total monthly income is

$390 and she receives financial assistance from her parents, who pay for insurance. (*Mot.* ¶¶ 1, 11.)  She lives "with a friend who pays all bills" and she has not been employed for at least two years.  (*Id.* ¶¶ 2, 11.)  Her checking and savings accounts total $55 and her only asset is a 2013 Dodge Avenger that she estimates is worth $5,000.  (*Id.* ¶¶ 4, 5). Meanwhile, Plaintiff estimates her monthly expenses total approximately $390.  (*Id.* ¶ 8.) Based on these facts, the Court will grant Plaintiff's IFP motion.

## II.   CONCLUSION & ORDER

For the reasons addressed above, the Court **GRANTS** Plaintiff's IFP Motion [Doc. 2].  Additionally, the Court hereby **REFERS** all matters arising in this case to United States Magistrate Judge Ruth Bermudez Montenegro for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1)(c ).

If the parties seek to file motions, they shall contact the chambers of Judge Montenegro to secure scheduling, filing, and hearing dates.  All motion(s) for summary judgment must be filed and served no later than 120 days after the Government files its answer.

**IT IS SO ORDERED.**

Dated:  November 1, 2021

_____
Hon. Thomas J. Whelan
United States District Judge